IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:14CR62-LG-JCG

**WILLIAM RICHARD PRYOR**

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [36] Motion for Compassionate Release filed by the defendant, William Richard Pryor. The Government has filed a response in opposition to the Motion, to which Pryor filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Pryor's Motion should be denied.

DISCUSSION

On December 2, 2014, Pryor pled guilty to two counts of transportation of minors with intent to engage in illegal sexual activity, in violation of 18 U.S.C. § 2423(a). He was sentenced to 120 months imprisonment for both counts to run concurrently, supervised release for 3 years, a fine in the amount of $15,000, and a special assessment in the amount of $3,500. Pryor is currently serving his sentence at FCI Beaumont Low and is scheduled to be released on February 25, 2023.

On October 20, 2021, Pryor filed the instant [36] Motion for Compassionate Release, claiming that his medical conditions—including hypertension, asthma, and Type 2 diabetes—coupled with FCI Beaumont Low's crowded facility, amount to

extraordinary and compelling reasons justifying release. He notes that there has been a rise in the COVID-19 "Delta" variant at FCI Beaumont Low, making him particularly susceptible to serious illness if he were to contract COVID-19. Pryor argues that his reasons for release also amount to a violation of the Eighth Amendment. The Government objects to Pryor's Motion on its merits,[1] emphasizing that Pryor is fully vaccinated.

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under Fifth Circuit precedent, the Court must consider whether factors, including those outside the U.S.S.G. § 1B1.13 policy statement—which proves to be a helpful guidance, *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)—constitute "extraordinary and compelling" reasons justifying a reduction in sentence. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). The Court also must consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

Here, the Court finds that Pryor's concerns regarding his health do not justify release. Pryor contends that he suffers from various medical conditions that the Department of Justice concedes warrants release including asthma, Type 2 diabetes, an immunocompromised system from prolonged use of corticosteroids, and

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

hypertension.  (*See* Def.'s Mot., at 2, ECF No. 36; *see also* Ex. A, at 1, ECF No. 36-2).  Pryor also claims he suffers from irritable bowel syndrome and "Barret's esophagus."  (*See* Def.'s Mot., at 3, ECF No. 36).  The Court recognizes that the DOJ's internal guidance accepts that those with certain risk factors, as recognized by the Centers for Disease Control and Prevention ("CDC"), can establish that "extraordinary and compelling reasons" warrant the reduction in sentences.  (*See* Ex. A, at 1, ECF No. 36-2; *see also* Gov.'s Resp., at 7, ECF No. 39).  However, while the CDC recognizes hypertension, asthma, and Type 2 diabetes as a potential risk factor for more serious cases of COVID-19, Pryor's fear of severe illness is unconvincing due to the fact that he has received the recommended COVID-19 vaccination.  *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 29, 2021).  Pryor received the first dose of Pfizer COVID-19 vaccine on January 12, 2021, and the second dose on February 3, 2021.  (*See* Medical Records, at 77, ECF No. 43-1).  Courts in this Circuit have found that COVID-19 vaccines "keep you from getting and spreading the virus that causes COVID-19," and "also help keep you from getting seriously ill even if you do get COVID-19."  *United States v. White*, No. 11-287, 2021 WL 3021933, at *4 (E.D. La. July 16, 2021) (citation and internal quotation marks omitted).  Therefore, Pryor's claims do not justify release.

Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release.  *See Thompson*, 984 F.3d at 435.  There are currently no

confirmed cases at FCI Beaumont Low amongst inmates. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 29, 2021). This Court has repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its charge. Therefore, the Court finds that Pryor's claims are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release. Insofar as Pryor pursues an Eighth Amendment claim based on inadequate medical care and requiring him to stay incarcerated during the pandemic, a motion for compassionate release is not the proper vehicle for the Court to consider such a violation. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (citing *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

The § 3553(a) factors also weigh against a sentence reduction. *See* 18 U.S.C. § 3553(a). Pryor was convicted of two of the four counts in the indictment. He had a total offense level of 29 and a criminal history category of I. (PSR, at ¶¶ 108, 112, at 21, ECF No. 32). Although Pryor had no prior criminal history, the PSR reflects that he was involved in the heinous act of luring young children by gaining their trust and then exploiting them for sexual pleasure. (*See id.* at ¶¶ 11-66, at 4-11). To prematurely release Pryor would potentially create an unwarranted disparity "among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Furthermore, requiring Pryor "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see*

-5-

*also* 18 U.S.C. § 3553(a)(2)(A), (B).  For all these reasons, the Court finds that a reduction in Pryor's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [36] Motion for Compassionate Release filed by the defendant, William Richard Pryor, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of November, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE